NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

KAREEM ABDUL BLOCKER,

    Plaintiff.

v.

ATLANTIC COUNTY JAIL, et al.,

    Defendants.
_____

Civ. No. 23-20338 (RMB-SAK)

**OPINION**

RENÉE MARIE BUMB, United States District Judge

Plaintiff Kareem Abdul Blocker, a pretrial detainee confined in Atlantic County Jail in Mays Landing, New Jersey, filed this civil rights suit under 42 U.S.C. § 1983, alleging deprivation of his First Amendment right to freedom of religion. Plaintiff submitted an application to proceed without prepayment of the filing fee ("IFP App.") under 28 U.S.C. § 1915(a) (Dkt. No. 1-1). The IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted.

**I.    SCREENING FOR DISMISSAL**

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3)

1

seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

**II.   ANALYSIS**

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and names three defendants in the complaint: Atlantic County Jail, Warden Kelly, and Deputy Warden Carbarer. (Compl., Dkt. No. 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, (1988).

Plaintiff alleges that beginning on July 18, 2023, in Atlantic County Jail, Warden Kelly and Deputy Warden Carbarer removed religious studies from the jail and deprived Plaintiff, a muslim, from practicing his religion. This deprivation

continued after Plaintiff explained to Defendants that this violated his First Amendment rights. Plaintiff's First Amendment claims may proceed against Warden Kelly and Deputy Warden Carbarer. Atlantic County Jail, however, is not a legal entity subject to suit under § 1983. *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016). The Court will dismiss the claim against Atlantic County Jail with prejudice.

### III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and permit the First Amendment claims § 1983 to proceed against Warden Kelly and Deputy Warden Carbarer. The Court will dismiss with prejudice the § 1983 claim against Atlantic County Jail.

An appropriate Order follows.


**DATE:** January 30, 2024          s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge